

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-27-2007

# Winters v. Samuels

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1207

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Winters v. Samuels" (2007). *2007 Decisions.* Paper 875.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/875

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-252                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1207

_____

GERALD WINTERS,
                             Appelant

v.

SAMUELS, JR.

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-cv-05516)
District Judge: Honorable Jerome B. Simandle

_____

Submitted For Possible Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
May 31, 2007

Before:  RENDELL, SMITH AND JORDAN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed: June 27, 2007)

_____

OPINION

_____

PER CURIAM

Gerald Winters appeals from the District Court's order dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241. Because Winters' appeal presents no substantial question, we will grant the Government's motion for summary affirmance.

In 1990, a grand jury returned a nine-count indictment against Winters and several associates. It charged Winters and his co-defendants with racketeering and conspiring to commit racketeering in violation of RICO, 18 U.S.C. §§ 1962(c) and 1962(d). Winters was also charged with three counts of conspiring to violate and one count of violating the Hobbs Act, 18 U.S.C. § 1951, and three counts of violating the Travel Act, 18 U.S.C. § 1952. After a lengthy trial the jury returned a mixed verdict. Of the eight co-defendants charged with RICO conspiracy, only Winters was found guilty. He was also found guilty of two of the Hobbs Act and one of the Travel Act charges. He was sentenced to an aggregate term of 415 months' imprisonment.

In 1992, we affirmed his conviction, but remanded his case for re-sentencing. United States v. Winters, 958 F.2d 365 (3d Cir.)(table). After an identical sentence was imposed by the District Court, he appealed and we affirmed. United States v. Winters, 5 F.3d 1492 (3d Cir. 1993)(table). In 1997, Winters filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, raising 15 claims. The motion was denied, he appealed, and we remanded to the District Court for an evidentiary hearing. Winters v. United States, No. 98-6078 (3d Cir. Sept. 20, 1999). After, the hearing, the District Court again denied the motion and we denied Winters' request for a certificate for appealability. United States v. Winters, No. 04-1408 (3d Cir. August 14, 2001).

In 2001, Winters filed an application to file a second or successive § 2255 motion based on Apprendi v. New Jersey, 530 U.S. 466 (2000), which was denied. In re Winters, No. 01-2705 (3d Cir. order entered on Sept. 25, 2001). In 2004, Winters filed a petition for habeas corpus under 28 U.S.C. § 2241, arguing that, under Scheidler v. National Organization of Women, Inc., 537 U.S. 393 (2003), he was "actually innocent" of the Hobbs Act charges. The District Court found that Scheidler was inapplicable to his case, and dismissed Winters' petition. Winters v. Derosa, No. 04-cv-0736 (D. N.J. March 21, 2005). He did not appeal.

Winters then filed this petition for habeas corpus under § 2241. In the petition he argued that, because none of his co-conspirators was convicted, he necessarily was innocent of the conspiracy to commit racketeering charge. He also argued that, if the conspiracy to commit racketeering involved an unindicted co-conspirator, then the conviction was barred by the statute of limitations. The District Court found that, despite its caption, his petition was a second or successive § 2255 motion and dismissed it for lack of jurisdiction.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a District Court's decision to dismiss a § 2241 petition is plenary. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). We may affirm the District Court on any ground supported by the record. Tourscher v. McCullough, 184 F.3d 236, 239 (3d Cir. 1999).

Generally, a challenge to the validity of a federal conviction or sentence must be brought in a § 2255 motion. See Davis v. United States, 417 U.S. 333, 343 (1974). The

3

"savings clause" of § 2255 provides that a federal prisoner may proceed under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See § 2255; In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). The fact that a petitioner has previously been denied relief, cannot meet the requirements for filing a second or successive § 2255 motion, or is unable to comply with § 2255's statute of limitations, is insufficient to justify proceeding under § 2241. Cradle, 290 F.3d at 538.

Winters cannot show that § 2255 was inadequate or ineffective to bring this claim and, thus, he cannot proceed via § 2241. Winters merely asserts that he is "actually innocent" of the RICO conspiracy charge and that that fact entitles him to proceed under § 2241. However, Winters has raised these same claims before and was found by this Court to be actually guilty. His claim that he must be innocent of conspiracy to commit racketeering because his co-conspirators were acquitted was raised and disposed of on direct appeal. In his § 2255 motion, he raised the same statute of limitations argument, which was also rejected.

In short, upon consideration of Winters' petition and "Motion Opposing Summary Action," we conclude that his appeal presents us with no substantial question. See Third Circuit L.A.R. 27.4 and I.O.P. 10.6. Accordingly, we will summarily affirm the District Court's order.

4